UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA PEREZ DOWLING,[1]<br><br>Plaintiff,<br><br>-against-<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | 1:26-CV-3147 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Angela Perez Dowling, who seems to reside in North Arlington, New Jersey,
filed this *pro se* action seeking what appears to be injunctive relief against the Federal Bureau of
Investigation ("FBI"). Plaintiff names the FBI as the sole defendant. The Court construes
Plaintiff's complaint as asserting claims under the Administrative Procedure Act and/or 28
U.S.C. § 1361 because Plaintiff seems to ask the court to order the FBI, a federal agency, to
perform some sort of task or duty. For the following reasons, the Court transfers this action to the
United States District Court for the District of New Jersey.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1),
which provides that, unless otherwise provided by law, any civil action brought against a federal
agency must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a
> substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] The caption of Plaintiff's pleading refers to Plaintiff as "Petitioner" and as "Angela
Perez." Because the Court construes Plaintiff's pleading as a complaint asserting claims under
the Administrative Procedure Act and/or 28 U.S.C. § 1361, and because Plaintiff signs her
complaint as "Angela Perez Dowling" (ECF 1, at 3), the Court has directed the Clerk of Court to
alter the caption of this action so that Angela Perez Dowling is the named plaintiff and the
Federal Bureau of Investigation is the named defendant.

substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

A federal agency resides where it is headquartered, which is usually in Washington, D.C. *See New York v. Pruitt*, Nos. 1:18-CV-1030, 1:18-CV-1048 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). The FBI's headquarters are, like many other federal agencies' headquarters, located in Washington, D.C. The District of Columbia constitutes one federal judicial district. *See* 28 U.S.C. § 88. Thus, under Section 1391(e)(1)(A), the United States District Court for the District of Columbia is a proper venue for this action.

Plaintiff seems to allege that a significant portion, if not all, of the alleged events have occurred in New Jersey (*see* ECF 1, at 1-2), not in this judicial district.[2] The State of New Jersey constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Thus, under Section 1391(e)(1)(B), the United States District Court for the District of New Jersey, and not this court, is a proper venue for this action.

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

None of Plaintiff's claims appear to involve real property, and Plaintiff resides in New Jersey (*see* ECF 1, at 3), within the District of New Jersey, *see* § 110. Thus, under Section 1391(e)(1)(C), the United States District Court for the District of New Jersey is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges nothing to suggest that this court is a proper venue for this action, and her claims arose in the District of New Jersey, where she resides. As discussed above, the United States District Court for the District of New Jersey is a proper venue for Plaintiff's claims under both Section 1391(e)(1)(B) and (C). Thus, in the interest of justice, the Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3